## Karotko v. Hayes

*Thomas E. Doyle,* for plaintiffs.

*Lindley R. McClelland,* for defendants.

EVANS, P. J., August 22, 1962.—This matter is before the court on defendants' preliminary objections to plaintiffs' petition for a declaratory judgment.

Plaintiffs allege the existence of mortgages on their property located in Erie County which contain as part of their principal sum a usurious charge of ten percent on the actual sums loaned. It is averred that arrangements have been made with a banking institution to furnish sums of money on a first mortgage to the bank which will satisfy in full the actual remaining unpaid balance with interest loaned by defendants, but defendants claim the right to a larger sum which includes the usury in addition to the sums actually loaned.

Attached to the pleadings is a detailed statement of principal payments and interest made showing the balance due which plaintiffs are now ready and willing to pay by means of the proposed bank loan.

Defendants in their preliminary objections contend that plaintiffs have an appropriate remedy by way of defense under normal foreclosure procedure, and therefore the petition for a declaratory judgment should be refused.

It must be noted that if the procedure insisted upon by the mortgage holders is followed, plaintiffs could not prevent a sheriff sale by tender of the amount they contend to be legally owing and they could not even secure this amount from the bank, which would be

unable to assure itself of a valid first lien until the question regarding the inclusion of an usurious charge could be determined. In this situation, plaintiffs are helpless to protect themselves as to the alleged improper principal sum claimed. In our opinion, this proceeding is properly brought and a declaratory judgment should be had.

It may be that under the Declaratory Judgments Act the question of usurious charge must be submitted to a jury, but we cannot at this time determine the necessity therefor. No answer has been filed in which the allegations of plaintiffs have been denied. Therefore, at the present time we should and will make an order requiring an answer and later, if necessary, order a jury trial for determination of any facts which will be in dispute.

And now, to wit, August 22, 1962, the preliminary objections of defendants filed July 24, 1962, are overruled and discharged and defendants are required to file an answer on the factual matters averred in the petition for declaratory judgment within 20 days.